Nevius, J.
By agreement of the parties in this suit, a verdict was taken for the plaintiffs, subject to the opinion of this court on the single question, whether Priscilla Bowne, under whom the plaintiff claims, took a fee simple estate in the lands in controversy, by virtue of the will of her husband James Bowne, or any less estate. The will bears date on the 27 th day of February, 1827, and the only part of itto which it is necessary to advert, to decide this question, is the following, to wit: after directing the payment of all his debts and funeral expenses, by his executor, he says, “ I give' and bequeath unto my beloved wife Priscilla Bowne, all my real estate and personal property, to have, hold and enjoy forever, for the free use of her and no other person excepting by her assignment or will.” And he then appoint^ his said wife his executrix. The great and leading principle to be observed in the construction of wills is, that the clear and manifest intent of the *211 testator to be collected from the will itself, is to govern, if such intent is consistent with the rules of law. Therefore, where a testator by will devises his whole real estate to A. he devises the highest estate of which he himself is seized. If a fee tail or an estate for life, the will conveys such estate, and if a fee simple, the devisee takes a fee simple. Words of inheritance are not necessary in a will, to devise and carry a fee simple. Our own statute of 1784, El. Dig. 595, recognizes the same rule of construction ; and provides, that if words of inheritance are omitted, and it does not appear from the will, that the devise was intended to convey an estate for life only, and no further devise is made of the lands, it shall be understood to convey an absolute estate, in fee simple. In the present case it is clear, that the testator did not design to limit the estate devised to his wife, to a life estate ; for he gives it to her to hold and enjoy forever for her free use, and that of no other person. Thus far, no possible doubt could arise as to his clear intention to devise a fee simple in the lands in question, if he owned a fee simple in them. Does the exception in any wise restrain or qualify such estate ? I think not. Such exception is not only in strict conformity with such intention, but confirms and greatly fortifies the construction. It is the same as if he had said. I give all my real estate to my said wife forever, with full power to sell, assign or devise it as she may see fit. Under this will, Priscilla Bowne took an estate in fee simple, and her death intestate, has cast the estate upon her heirs at law, the lessor of the plaintiffs for whom judgment should be entered with costs.